**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTIAN CASTELLANOS-LOPEZ,<br>a/k/a: "Christian Lopez-Castellanos,"<br>a/k/a: "Christian Castellanos,"<br>a/k/a: "Christian Lopez,"<br><br>Defendant. | Criminal No. 1:26-cr-154<br><br>The Honorable Anthony J. Trenga<br><br>Hearing Date: November 12, 2026 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G."), hereby submits its position with respect to the sentencing of the defendant, Christian Castellanos-Lopez. On September 2, 2026, the defendant appeared with counsel before the Honorable Anthony J. Trenga and pleaded guilty to one count of illegal reentry after removal and subsequent to a felony conviction in violation of 18 U.S.C. § 1326(a) and (b)(1) and was remanded to the custody of the United States Marshals Service pending sentencing. The United States has reviewed the Presentence Investigation Report ("PSR"), ECF No. 26, prepared by the United States Probation Office, and agrees, along with the defendant, *see* ECF No. 28 at 3, with the finding therein that the defendant's applicable Guidelines range is 24 to 30 months of incarceration (based on a criminal history category of IV and a total offense level of 13). PSR at ¶¶ 75–76. A Guideline sentence of **28 months** accounts for the defendant's conduct in this case and appropriately considers all the 3553(a) factors. Furthermore, it is imperative that the sentence includes a term

of supervised release of three years to ensure that the defendant is adequately deterred from reentering the United States without the authority to do for what would be the third time.

**BACKGROUND**

As set forth in the Information and the Statement of Facts which provided the basis for the Court accepting his plea of guilty, the defendant is a native and citizen of Honduras and has no valid claim to United States citizenship or any other lawful status in the United States. Information, ECF No. 20; Statement of Facts, ECF No. 22, ¶ 1. On or about August 25, 2022, prior to his removal from the United States, on or about June 2, 2023, the defendant was convicted of felony Grand Larceny, in violation of Virginia Code § 18.2-95, which is a felony under the laws of that state. ECF No. 22, ¶¶ 3–4. At some unknown time thereafter, he unlawfully returned to the United States and was discovered within the jurisdiction of the Eastern District of Virginia on June 1, 2024, when he was arrested in Fairfax County. *Id.* ¶ 5.

On May 15, 2026, United States Magistrate Judge Lindsey R. Vaala for the Eastern District of Virginia issued an arrest warrant for the defendant. ECF No. 5. The defendant was arrested on August 6, 2026, and had an initial appearance that day. ECF Nos. 7–8. On August 11, the defendant waived the preliminary and detention hearings and was remanded to the custody of the United States Marshals pending trial. ECF No. 12. On September 2, 2026, before this Court, the defendant waived his right to prosecution by indictment and consented to prosecution by information. ECF No. 19. That same day, he pleaded guilty to Count I of the Criminal Information, charging him with violating Title 8, United States Code, Section 1326(a) and (b)(1). ECF No. 21. The sentencing hearing was originally scheduled for November 18, 2026, but later rescheduled to November 12. ECF Nos. 21, 25. As of the date of sentencing, the defendant will have spent 3 months and 6 days, or 98 days, in federal custody.

## ANALYSIS

The standards governing sentencing are well established. This Court must consult the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision, though the Guidelines are purely advisory. *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

### I. Sentencing Guidelines

The base offense level for the defendant's illegal reentry after removal is eight. U.S.S.G. § 2L1.2(a). Because the defendant committed the instant offense before sustaining a conviction for a felony that is an illegal reentry offense, he is subject to a 4-point enhancement. *Id.* § 2L1.2(b)(2)(D). He is also subject to an additional 4-point enhancement because the defendant committed the instant offense after sustaining a conviction for a felony that is that is an illegal reentry offense. *Id.* § 2L1.2(b)(3)(D). The defendant was first ordered removed on May 30, 2023. Before that date, in 2022, the defendant sustained a felony conviction of Grand Larceny. PSR ¶ 37. And after he was ordered removed, he was convicted of felony burglary. PSR ¶ 38. Thus, the defendant's base offense level is 16. The defendant qualifies for the two-point reduction for acceptance of responsibility pursuant to § 3E1.1(a) and additional one-point reduction under § 3E1.1(b). Accordingly, the defendant's total offense level is 13.

The defendant has numerous prior felony and misdemeanor convictions, resulting in thirteen points adjudicated towards his offender history and a Criminal History Category of IV

(four). U.S.S.G. § 5A (Sentencing Table). The corresponding sentencing Guidelines range is 24 to 30 months of imprisonment. *Id.*

## II. Statutory Analysis and Recommendation

Under 18 U.S.C. § 3553(a), the Court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to, among other things, reflect the seriousness of the offense and adequately deter criminal conduct; (3) the kinds of sentences available; (4) the Guidelines; (5) applicable policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. Ultimately, the sentence imposed must meet a standard of reasonableness. *See Booker*, 543 U.S. at 260–61. The Court need not weigh the factors equally but must consider each of them. *United States v. Fowler*, 948 F.3d 663, 674 (4th Cir. 2020). In addition to being consistent with the Sentencing Guidelines, the other § 3553(a) factors support the government's requested sentence of **28 months of imprisonment.**

### *A. Nature and Circumstances of the Offense*

A **28-month sentence** is appropriate in light of the nature and circumstances of the offense. The defendant has entered the United States unlawfully despite numerous times despite being warned that doing so would result in a felony conviction. In sustaining this § 1326 conviction, he has demonstrated a willful and flagrant disregard for United States laws. The nature and circumstances of the offense warrant a **28-month sentence**.

### *B. History and Characteristics of the Defendant*

The defendant's criminal history and violent characteristics are incredibly concerning and warrant a **28-month sentence**. Outside of his immigration-related conduct, all of his convictions

aside from his reckless driving and speeding charges involve premeditated and preplanned crimes that put the public—and at least two known individual victims—at risk purely for his selfish gain. The severity and persistent nature of his criminal conduct is incredibly concerning and includes:

- 2021 (age 20): He was convicted of petite larceny. (Fairfax County, Virginia.)
- 2022 (age 20): The defendant engaged in the premeditated and preplanned armed robbery of a Domino's delivery driver and then used the victim's stolen bank card. The defendant was convicted of credit card fraud but was initially charged with Robbery Use of Firearm and Credit Card Larceny, but those charges were nolle prossed. (Fairfax County, Virginia.)
- 2022 (age 20): The defendant was involved in another premeditated and preplanned robbery of a pizza delivery driver in which a firearm appeared to be displayed. One of the robbers physically assaulted the victim before taking his personal belongings. The defendant was convicted of Grand Larceny. (Loudoun County, Virginia.)
- 2024 (age 23): The defendant was convicted of Breaking and Entering after he snuck in through a window of a dining establishment (where he used to work) and ripped the cash register off the counter. (Fairfax County, Virginia.)
- 2024 (age 23): The defendant was convicted of Burglary after coordinating and participating with others to break the door of a dining establishment and take money from the cash register. (Fairfax County, Virginia.)
- 2024 (age 23): The defendant again participated in the burglary of a dining establishment at which he used to work, whereby he unlawfully entered the business and took money from the cash register. (Fairfax County, Virginia.)

A review of these convictions suggests that there does not appear to be any indication that

the defendant has been rehabilitated by the numerous interactions he has had with the criminal justice system. The defendant has shown a brazen disregard for the rule of law and safety of innocent people and the public.

Nothing in the defendant's history, nor do his characteristics, justify his conduct or otherwise warrant a sentence below 28 months of imprisonment. The defendant reports having a relatively "stable" upbringing that was "safe," "loving," and "supportive," and was absent of "any form of abuse." PSR ¶¶ 56–57. His basic needs were met. *Id.* ¶ 57. While the defendant has dealt with the tragic circumstance of his brother dying while the defendant lived in the United States, the defendant also had a healthy relationship with his stepfather, who assisted in caring for him and his siblings, and speaks to his mother and two brothers daily and weekly, respectively. *Id.* ¶ 58–60. The defendant reports being in "good health." *Id.* ¶ 63–64. He has the capacity to, and has in the past, earned money lawfully. *Id.* ¶ 67–73.

There simply is no reason to explain or justify why the defendant illegally reentered the United States (for the second time) or why he continually puts the public at risk to steal money that does not belong to him. A **sentence of 28 months** is appropriate in this case.

***C. The Seriousness of the Offense, Just Punishment, and Respect for the Law***

A **sentence of 28 months** is warranted based on the seriousness of the offense, it is just, and it will promote respect for the law. Illegal reentry is a serious offense. Such conduct violates a formal, legal deportation order issued by the United States government. A **28-month sentence** will instill a sense of respect for the law within the defendant, someone who has chronically and flagrantly disregarded the law throughout his life.

### *D. Need for Deterrence and to Protect the Public*

The Government's requested **28-month sentence** is important for both specific and general deterrence and to protect the public. The defendant has been deported after obtaining a felony conviction and obtained more felonies upon his unlawful return. When he was removed in 2023, he was warned that the consequence of returning to the United States unlawfully would result in another felony conviction. Yet none of that deterred the defendant from unlawfully returning to the United States. A 28-month sentence is sufficient and not greater than necessary to convey the seriousness of this crime and adequately deter him from returning to the United States unlawfully for what would be the third time.

A sentence of 28 months would also reasonably achieve general deterrence, as it will signal to prospective violators that the unauthorized unlawful return to the United States carries serious, tangible, and unavoidable costs that outweigh the incentives of crossing the border.

Finally, a 28-month sentence will achieve the goal of protecting the public. As detailed above, the defendant's criminal record shows that he has engaged in a pattern of committing violent crimes over the past several years. Moreover, his criminal history, which includes several other convictions and arrests for other non-immigration related offenses, sets him apart from other defendants who appear before this Court on 18 U.S.C. § 1326 violations. The defendant's sentence should reflect this distinction. Indeed, he was convicted of a 6 burglary- or robbery-related charges—some armed—in the last five years. While the defendant will be deported at the conclusion of serving this Court's imposed sentence, he may once again return to the United States, as he has done before. And, once back in the country, the defendant could once again put members of the public at risk solely for his monetary gain. A sentence of 28 months will protect the public

because it will convey the seriousness of the offense and deter the defendant and it will also protect the public for at least those **28 months** that he is serving his sentence.

### ***E. Need to Avoid Unwarranted Sentencing Disparities***

Nothing about the government's requested **sentence of 28 months**, which falls within the Sentencing Guideline range, will create unwarranted sentencing disparities. The case to which the defendant cites in support of his request for a below-guideline sentence is distinguishable from the facts at hand. In *United States v. Argueta*, ECF No. 28 at 5, No. 1:23-cr-174 (E.D. Va. Feb. 21, 2024), cited by the defense, *see* ECF No. 28 at 8–9, the defendant received a below-Guideline sentence where his criminal history consisted only of the following non-violent crimes: the sale/distribution of marijuana, failure to appear, unauthorized use of a motor vehicle, and receiving stolen goods. Here, in contrast, Mr. Castellanos-Lopez has been convicted of committing numerous violent burglaries, some of which involved firearms.

A more instructive case cited by the defense, *see* ECF No. 28 at 10, is *United States v. Ochoa Padilla*, No. 1:23-cr-101 (E.D. Va. Sept. 27, 2023), in which this Court imposed a within-Guideline sentence of 21 months even though the defendant had not been previously convicted of any violent felonies. So too here, a within-Guideline sentence of 28 months is sufficient and not greater than necessary to convey the seriousness of this crime and adequately deter him from returning to the United States unlawfully for what would be the third time, and committing more crimes, yet again. Such a sentence would not create an unwarranted disparity. *See United States v. Johnson*, 445 F.3d 339, 343 (4th Cir. 2006) ("[T]he Guidelines as a whole embrace 'the need to avoid unwarranted sentence disparities'").

## CONCLUSION

For the foregoing reasons, the United States respectfully recommends that a **28-month sentence** be imposed in this case.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Dated: November 4, 2026

/s/

Amber N. Rieff
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3917
Fax: (703) 299-3980
Email: amber.rieff2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 4, 2026, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

By: /s/

Amber Rieff
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3719
Fax: (703) 299-3980
Email: amber.rieff2@usdoj.gov